UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD J. REYNA, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF OSHKOSH, WI, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 24-2638 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Richard Reyna's *pro se* amended complaint, ECF No. 3, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the amended complaint, and this case, without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Mr. Reyna sues multiple defendants (most of whom appear to be located in Wisconsin), including the City of Oshkosh, the Oshkosh Police Department, the Grand Opera House, the Winnebago Sheriff's Department, the Day by Day Shelter, a U.S. Bank location, the 4th District Judiciary, and more. *See* ECF No. 3 at 1-2, 29-30, 33. He alleges that Defendants and many others, including countless individuals and entities located throughout the Midwest, have engaged in a widespread corrupt conspiracy to steal his money, artwork, and gold bars to which he is allegedly entitled. *See id.* at 2, 4-12, 14, 16-20, 22-23, 26-30, 33. He also alleges that Defendants have stalked his family, hacked his accounts, stolen his identity, subjected him to "false

1

convictions," and concealed his true "bloodline." *See id.* at 4, 6, 12, 21-23. Mr. Reyna does not make a clear prayer for relief.

The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Mr. Reyna's amended complaint satisfies this standard. The court will accordingly dismiss the amended complaint, ECF No. 3, and this case, without prejudice. A separate order accompanies this Memorandum Opinion.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 17, 2024